**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

SILAS KNIGHT,                )
M26072,                      )
                             )
            Plaintiff,       )
                             )
vs.                          )
                             )   Case No. 26-cv-531-DWD
C/O SLOMKA,                  )
C/O SMITH,                   )
LT. O'LEARY,                 )
SGT. WALKER,                 )
C/O RUSH,                    )
                             )
            Defendants.      )

## MEMORANDUM & ORDER

**DUGAN,  District Judge:**

Plaintiff Silas Knight, an inmate of the Illinois Department of Corrections (IDOC) currently detained at Pinckneyville Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Specifically, Plaintiff alleges that the Defendants ignored his reports of threats to his safety. The Complaint (Doc. 1) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A.  Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).  At this juncture, the factual

allegations of the *pro se* complaint are to be liberally construed. Rodriguez v. Plymouth

Ambulance Serv., 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

Plaintiff alleges that on November 23, 2025, he informed Defendant Slomka that

his cellmate was smoking tobacco and illicit substances, and was threatening to attack

him. (Doc. 1 at 3). He alleges Slomka expressed no concern and directed him back to his

cell. On November 24, 2025, Plaintiff raised concerns to Defendant Smith. Smith

indicated he would relay the issue to the 3-house sergeant, and that Plaintiff should write

to the placement officer, but Smith indicated there was nothing he could personally do.

Plaintiff alleges that on the same day he wrote the placement officer, Defendant Rush,

seeking to be moved away from his cellmate. (*Id.* at 5). Plaintiff alleges he told Rush that

his cellmate was high and tweaking on drugs, which heightened his fear. In support of

the complaint, Plaintiff submitted copies of several request slips and a letter directed to

the placement officer concerning his cellmate. Plaintiff alleges Rush never responded.

(*Id.* at 5-6). Plaintiff also alerted Defendant Walker to his concerns on November 28, 2025,

but Walker indicated he had no personal authority to assist. (*Id.* at 6). Walker suggested

that Plaintiff write a grievance, go on watch, or refuse housing. (*Id.*).

Plaintiff returned to his cell on November 28 and was attacked by his cellmate. (*Id.*

at 6). Officers responded and directed the inmates to come to the chuckhole for

handcuffs. Defendant Walker cuffed the cellmate and then cuffed Plaintiff. Plaintiff

claims that Walker placed his cellmate's cuffs too loose, allowing his cellmate to escape

and further assault him. (*Id.* at 6-7). To regain control, Defendant O'Leary cracked the

cell door so that Walker could deploy a chemical agent.  Plaintiff faults O'Leary and Walker for not immediately removing him from the cell and thus prolonging the harm from his cellmate.  (*Id.*).  After the chemical agent was sprayed, Plaintiff and his cellmate were secured and extracted.  (*Id.* at 8).  Plaintiff was escorted to the medical unit where his injuries required eight staples to the back of his head.  He claims he was disciplined for his involvement in the altercation.  (*Id.*).

Plaintiff faults the Defendants for failing to protect him, and he seeks declaratory and monetary damages.  In support of the complaint, Plaintiff submitted grievance documentation.

Based on the allegations in the Complaint the Court designates the following claims:

> **Claim 1:** **Eighth Amendment deliberate indifference or failure to protect claim against Defendants Slomka, Smith, Walker, and Rush for their alleged role in failing to protect Plaintiff from his cellmate on or around November 28, 2025;**
>
> **Claim 2:** **Eighth Amendment failure to intervene claim against Defendants Walker or O'Leary for their response to the altercation on November 28, 2025.**

The parties and the Court will use these designations in all future pleadings and orders unless otherwise directed by a judicial officer of this Court**.**  Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under *Twombly*.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face").

## DISCUSSION

To establish a failure to protect claim under the Eighth Amendment, a plaintiff must allege "(1) that he was incarcerated under conditions posing a substantial risk of serious harm and (2) that the defendants acted with deliberate indifference to his health or safety." *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010). Under the Eighth Amendment, correctional officials have a constitutional duty to protect inmates from violence. *Farmer v. Brennan*, 511 U.S. 825, 844 (1994). But "prisons are dangerous places. Inmates get there by violent acts, and many prisoners have a propensity to commit more." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). A failure to protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005). Negligence is not enough to support a deliberate indifference claim. *Johnson v. Dominguez*, 5 F.4th 818, 825 (7th Cir. 2021).

A plaintiff must establish that "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010); *see also Saunders v. Tourville*, 97 Fed. App'x 648, 649 (7th Cir. 2004) (finding that an inmate failed to state a failure to protect claim for being labeled as a snitch where he did not identify any physical harm that occurred, and instead simply stated he was at risk of physical harm). A general risk of harm is not sufficient, an inmate must demonstrate that he alerted staff to a specific risk. *Klebanowski v. Sheahan*, 540 F.3d 633, 639-40 (7th Cir. 2008). A prison official who intentionally or with reckless indifference exposes an inmate to psychological harm or a heightened risk of future

injury may be liable, even if no attack occurred.  *See Wright v. Miller*, 561 Fed. Appx. 551, 555 (7th Cir. 2014) (*citing Irving v. Dormire*, 519 F.3d 441, 449 (8th Cir. 2008) (concluding that guard's alleged attempts to induce other inmates to assault plaintiff prisoner "posed a substantial risk of serious harm to [the prisoner's] future health")).

Here, at this preliminary juncture the Court finds that Plaintiff's allegations are sufficient to proceed because he alleges that he personally notified Defendants Slomka, Smith, Walker, and Rush of his specific concerns about his cellmate several times prior to the attack on November 28, 2025.

A prison employee may be liable for failing to intervene in an inmate-on-inmate attack if he or she is aware of an assault but fails to take reasonable action to intervene. *Eddmonds v. Walker*, 317 Fed. App'x 556, 558-59 (7th Cir. 2009).  An inmate must establish more than just negligence, he must show that prison officials were aware of a substantial risk of serious injury but failed to take appropriate steps to respond. *Id.* at 558.  A guard is not expected to immediately insert themselves into a physical altercation, risking their own safety, but they must at least take reasonable action. *Guzman v. Sheahan*, 495 F.3d 852, 858 (7th Cir. 2007).

Though Plaintiff takes issue with the way Walker and O'Leary responded to the altercation, he has not established that they failed to respond reasonably.  Walker and O'Leary began with restraints, and when the restraints alone failed to control the situation they dispensed a chemical agent.  Both of these steps were efforts to stop the altercation, and they were reasonable responses to an escalating quarrel.  At most, Plaintiff might be suggesting the defendants were negligent and could have selected a

different course of action or could have removed him from harm's way sooner, but negligence is not enough to sustain an Eighth Amendment claim.  Therefore, Claim 2 against Defendants O'Leary and Walker is dismissed for failure to plead a sufficient claim for relief.

### DISPOSITION

**IT IS HEREBY ORDERED THAT Claim 1** survives against Defendants Slomka, Rush, Smith, and Walker.  By contrast, **Claim 2** is insufficient to proceed against Defendants Walker and O'Leary and the Clerk of Court shall **TERMINATE** O'Leary.

The Clerk of Court is **DIRECTED** to prepare for Defendants Slomka, Rush, Smith, and Walker: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation

of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  Pursuant to Local Rule 8.2, Defendant need only respond to the issues stated in this Merits Review Order.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed in forma pauperis was granted.  See 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than 14 days after a transfer or other change of address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for failure to prosecute.  FED. R. CIV. P. 41(b).

The Clerk of Court is **DIRECTED** to enter the standard HIPAA Order in this case because it will involve the exchange of medical records.

**IT IS SO ORDERED.**

**DATED:** July 20, 2026

DAVID W. DUGAN
United States District Judge

### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.

The Court wishes to remind the Plaintiff that litigation is often viewed a series of hurdles that the Plaintiff must clear to get to another hurdle. Initial screening is such a hurdle, but it is a very low one for the Plaintiff to clear.  As noted above, surviving initial screening only requires the bare statement of a claim that, if proven, could entitle Plaintiff to some relief. At trial, he will need to prove by a preponderance of evidence that the facts alleged actually occurred and that those facts satisfy the legal requirements for recovery. Trial is the highest and most difficult of hurdles for any Plaintiff to clear.